# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-09-424 |
| | § | (Civil Action No. H-14-0123) |
| HOWARD GRANT | § | |

## **MEMORANDUM AND ORDER**

Defendant Howard Grant filed a second motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Defendant's Motion" or "§ 2255 Motion") [Doc. # 1098]. A defendant may file a second or successive § 2255 Motion only under limited circumstances. Specifically, the defendant must show that the successive motion is based on: (1) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review; or (2) facts that could not have been discovered through the exercise of due diligence and, if proven, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the defendant guilty. *See* 28 U.S.C. § 2244(b)(2). A defendant may not file a successive § 2255 Motion in the district court unless and until a three-judge panel of the United States Court of Appeals for the Fifth Circuit has determined whether the motion is permitted under either or both of these two circumstances. *See*

28 U.S.C. § 2244(b)(3). Absent permission from the Fifth Circuit, § 2244(b)(3)(A) precludes a district court's consideration of a successive § 2255 Motion. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

In this case, Grant has not requested and obtained authorization from the Fifth Circuit to file this successive § 2255 Motion. As a result, the motion should be denied without prejudice to allow Defendant the opportunity to request such authorization from the Fifth Circuit. *See United States v. Shoupe*, 477 F. App'x 269, 271 (5th Cir. June 13, 2012); *Paxson v. Tamez*, 470 F. App'x 300, 301 (5th Cir. Apr. 30, 2012). Accordingly, it is hereby

**ORDERED** that Defendant's current § 2255 Motion [Doc. # 1098] is **DENIED WITHOUT PREJUDICE** to allow him to petition the United States Court of Appeals for the Fifth Circuit for authorization to proceed. The corresponding civil action (H-14-0123) is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this 8th day of **May, 2014**.

_____
Nancy F. Atlas
United States District Judge