IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIM. ACTION NO. H-09-424 |
| | § | |
| HOWARD GRANT | § | |

# MEMORANDUM AND ORDER

On December 10, 2010, following his conviction in June 2010, Defendant Howard Grant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence" [Doc. # 737] and a "Motion for Relief Under Chapter 2255" [Doc. # 738].  On December 17, 2010, Grant filed an "Amendment/Correction to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [Doc. # 742].  By Order [Doc. # 743] entered December 20, 2010, the Court denied Grant's motions as premature because they were filed before he had been sentenced.[1]

On December 20, 2010, Grant again filed an "Amendment/Correction to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" [Doc.

---

[1] Section 2255 provides a basis for relief for a defendant who is "in custody under a *sentence* of a court established by Act of Congress claiming the right to be released upon the ground that the *sentence* was imposed in violation of the Constitution or laws of the United States . . . ." 28 U.S.C. § 2255(a) (emphasis added).

# 769]. Because Grant still had not been sentenced, the Court denied the new motion as premature by Order [Doc. # 770] entered December 28, 2010.

Grant was sentenced on January 4, 2011, and his Judgment in a Criminal Case [Doc. # 829] was entered January 20, 2011. On direct appeal, the Fifth Circuit affirmed Grant's conviction and sentence on June 8, 2012, and the mandate [Doc. # 1072] was issued on July 2, 2012.

On August 2, 2012, Grant filed a "Motion by a Person in Federal Custody to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255" ("First § 2255 Motion") [Doc. # 1077]. Grant asserted that his due process rights were violated when the United States presented perjured testimony during his trial. By Memorandum and Order [Doc. # 1091] and Final Dismissal Order [Doc. # 1092] entered November 27, 2012, the Court denied Grant's First § 2255 Motion. On September 13, 2013, the Fifth Circuit denied a certificate of appealability and dismissed Grant's appeal.

On January 17, 2014, Grant filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" ("Second § 2255 Motion") [Doc. # 1098]. In his Second § 2255 Motion, Grant asserted that the United States failed to comply with its *Brady* obligations, that he received ineffective assistance of counsel, that the prosecutor engaged in misconduct, and "misapplication of ratification theory." On

April 10, 2014, while the Second § 2255 Motion was pending, Grant filed a "Request for Reconsideration, Rule 60(b)" [Doc. # 1105]. It appeared from the pleading that Grant believed that the Court had denied his Second § 2255 Motion. By Order [Doc. # 1106] entered that same day, the Court denied the "Request for Reconsideration" and extended the deadline for Grant to file a reply in support of his Second § 2255 Motion. On May 8, 2014, the Court issued a Memorandum and Order [Doc. # 1108], in which it concluded that the Second § 2255 Motion was successive and filed without permission from the Fifth Circuit. The Court denied Grant's Second § 2255 Motion without prejudice to refiling should Grant obtain the necessary authorization from the Fifth Circuit.

On May 20, 2014, Grant filed a "Motion for Reconsideration Under Rule 60(b)" [Doc. # 1109], in which he argued that his Second § 2255 Motion was not a successive motion because his First § 2255 Motion was actually a Rule 33 Motion or some "other non-2255 Motion." By Order [Doc. # 1110] entered May 21, 2014, the Court denied Grant's Motion for Reconsideration, noting that Grant's First § 2255 Motion was specifically entitled "Motion By a Person in Federal Custody to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255."

On May 29, 2014, Grant filed a "Motion to Vacate Voided Motion Under Authority of 60(b)(4)" [Doc. # 1112]. In this motion, Grant argued that the Court's

Order [Doc. # 1110] denying his Motion for Reconsideration was void because his copy did not include the Court's signature. By Order [Doc. # 1113] entered May 30, 2014, the Court denied this motion, stating that the "Court signed the Order [Doc. # 1110] before it was entered on May 21, 2014, and has verified that the official record in this case contains the signed Order." On June 10, 2014, Grant filed a "Motion to Re[s]pond to Reply to Motion to Void" [Doc. # 1115]. Grant argued that the signed copy of the May 21, 2014 Order [Doc. # 1110] that was sent to him together with the Court's May 30, 2014 Order [Doc. # 1113] did not contain the court seal and was, therefore, void. Grant argued also that his receipt of the signed copy of the May 21, 2014 Order did not cure the prior deficiency that rendered it void. By Order [Doc. # 1117] entered June 16, 2014, the Court denied Grant's latest motion.

On June 4, 2015, the Fifth Circuit denied a certificate of appealability for Grant's appeal of the dismissal of his Second § 2255 Motion, and the appeal was dismissed [Docs. # 1129 and # 1130]. On November 4, 2015, Grant's petition for a writ of certiorari was denied [Doc. # 1131].

On December 23, 2015, Grant filed a "Motion to Vacate a Void Judgment, 60(b)(4)" [Doc. # 1132]. In this motion, Grant argues that his First § 2255 Motion was void because he filed it before the time for filing a petition for writ of certiorari expired. On this basis, Grant seeks reconsideration of the Court's dismissal of his

Second § 2255 Motion as successive. The Court notes initially that the First § 2255 Motion, although filed before the time for filing a petition for a writ of certiorari expired, was not decided by the Court until *after* that deadline expired and no petition was filed.

Moreover, the First § 2255 Motion was not void because "there is no jurisdictional bar to a district court's adjudication of a § 2255 motion during the pendency of a direct appeal." *U.S. v. Prows*, 448 F.3d 1223, 1228 (10th Cir. 2006) (citing *U.S. v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002); *DeRango v. U.S.*, 864 F.2d 520, 522 (7th Cir. 1988); *U.S. v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981); *Womack v. U.S.*, 395 F.2d 630, 631 (D.C. Cir. 1968)); *see also U.S. v. Cooper*, 129 F.3d 612, *1 (5th Cir. Oct. 23, 1997) (holding that appeal filed prior to entry of judgment could be considered by Fifth Circuit as timely-filed on the date judgment was entered). As a result, the First § 2255 Motion was not void simply because Grant filed it before the expiration of the deadline for filing a petition for a writ of certiorari from the Fifth Circuit's decision affirming his conviction and sentence.

Based on the foregoing, it is hereby

**ORDERED** that Grant's "Motion to Vacate a Void Judgment" [Doc. # 1132] is **DENIED**.

SIGNED at Houston, Texas, this **8th** day of **January, 2016**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE